## THE MISTINGUETTE.

(District Court, S. D. New York. June 29, 1926.)

Customs duties ⊛⟼129.

Under Tariff Act 1922, § 584, in view of sections 581, 583, penalty for having on board merchandise not included in manifest, by section 594 made lien on vessel, applies to vessel bound to United States, and within 4 leagues of coast (Comp. St. §§ 5841h, 5841h2, 5841h3 5841h14).

In Admiralty. Libel by the United States against the auxiliary schooner Mistinguette. On exceptions to libel. Exceptions overruled.

Emory R. Buckner, U. S. Atty., of New York City (James A. Farmer, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Louis Halle, of New York City, for respondent.

AUGUSTUS N. HAND, District Judge. The libel alleges that the schooner Mistinguette, of French registry, bound for the United States, when within 4 leagues of the coast, was boarded and seized by the United States Coast Guard destroyer Porter and taken into the custody of the collector of customs for the port of New York for violation of the customs laws of the United States. The libel further alleges that the Mistinguette had on board 3,032 cases of intoxicating liquor, which were not included in any manifest, that this liquor was of the value of $108,350, and that the commanding officer of the Porter demanded that the master of the Mistinguette produce the manifest, but the latter failed to produce the same. The libel prays for a decree that the sum of $108,850 be adjudged a lien upon the vessel, and that the vessel be condemned and sold to satisfy such lien. Condemnation is sought under sections 581–584 and 594 of the Tariff Act of 1922, 42 Stat. 979, 980, 982 (Comp. St. §§ 5841h–5841h3, 5841h14).

Section 581 authorizes officers of the customs or Coast Guard to board any vessel at any place within four leagues of the United States to examine the vessel, and if it shall appear that any violation of the laws of the United States has been committed, whereby such vessel or the merchandise is liable to forfeiture, it shall be the duty of such officer to seize the same.

Section 583 requires the master of every vessel bound to a port or place in the United States to deliver the manifest to the officer who shall demand it. Section 584 provides that any master who does not produce the manifest to the officer who demands it shall be liable to a penalty of $500, and that, if any merchandise is found on board such vessel and not included in the manifest, the master shall be liable to a penalty equal to the value of such merchandise.

Section 594 provides that, when any penalty shall be incurred by the master, it shall attach and become a lien as against the vessel.

No treaty with France has been made looking toward the suppression of the liquor traffic on the high seas. It is urged by the claimant in support of exceptions to the libel that nothing can be found in the Tariff Act which will support a lien upon the Mistinguette for the statutory penalties sought to be imposed herein. It is insisted that section 584, supra, embraces only vessels within the 3-mile limit. In the case of United States v. Bengochea (C. C. A.) 279 F. 537, the Circuit Court of Appeals of the Fifth Circuit held that an unmanifested vessel was subject to the $500 penalty, though it did not come within the 3-mile limit. That decision is sought to be distinguished from the present case because the statutes then in effect, which have been superseded by the sections of the Tariff Act which I have quoted, read as follows:

"Every master of any vessel laden with merchandise, and bound to any port in the United States, shall, on his arrival within four leagues of the coast thereof, * * * upon demand, produce the manifests in writing, which such master is required to have on board his vessel, to such officer of the customs as first comes on board his vessel, for inspection." R. S. 2811 (Comp. St. § 5508).

"2814. If the master of any vessel laden with merchandise, and bound to any port in the United States, fails upon his arrival within four leagues of the coast thereof, * * * to produce such manifests as are heretofore required, in writing, to the proper officer upon demand therefor, * * * according to the directions of the preceding sections, * * * the master shall for every such neglect, refusal, or offense, be liable to a penalty of not more than five hundred dollars." Comp. St. § 5511.

It is true that the present act does not in terms say that the master shall be subject to the penalty when he fails on demand to produce his manifest "upon his arrival within four leagues of the coast." But section 581 of the Tariff Act of 1922 authorizes the Coast Guard to board a vessel at any place within 4 leagues of the coast. Section 584 then penalizes "any master of any vessel * * * bound to the United States who does not produce the manifest to the officer demanding the same," and provides that, if any merchandise therein is not manifested, the master shall be liable to a penalty equal to the value of the merchandise found.

In my opinion, the vessel referred to in section 584 is a vessel bound to the United States and "within four leagues of the coast," as described in section 581. It is quite unlikely that these clauses of the Tariff Act of 1922 passed at a time when the prohibition laws were very stringent, and aid to their enforcement was sought through the customs laws, were intended to reduce the area of enforcement from the 4 leagues within which it had been effective under sections 2811 and 2814 of the Revised Statutes to the old 3-mile limit.

The exceptions are overruled.